**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NORIK TER-GALSTANYAN, INGO GONZALEZ, ALEXIS PULE,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF KERN, KERN COUNTY SHERIFF'S OFFICE, KERN COUNTY DISTRICT ATTORNEY'S OFFICE, VIDAL CONTRERAS, COURTNEY LEWIS, and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No. 1:22-cv-00645-JLT-CDB<br><br>ORDER DISMISSING COMPLAINT WITH PREJUDICE PURSUANT TO RULE 41(b)<br><br>(Docs. 5, 25) |

On May 3, 2024, the Court issued an order granting Defendants' Motion to Dismiss, (Doc. 9), and granting Plaintiffs leave to amend their malicious prosecution, *Monell* liability, and Sixth Amendment claims. (Doc. 25 at 16–18.) The Court ordered: "**Within 21 days**, Plaintiffs may file an amended complaint or a notice of dismissal. Failure to timely file either document will result in dismissal of their case with prejudice pursuant to Rule 41(b).[]" (Doc. 25 at 16 (emphases in original) (footnote omitted) (citing *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1063–65 (9th Cir. 2004)).) More than twenty-one days have passed, and Plaintiffs have failed to file *anything* with the Court. Fed. R. Civ. P. 6(a)(1).

Federal Rule of Civil Procedure 41(b) allows the Court to dismiss an action if the plaintiff

1

fails to comply with a court order. Fed. R. Civ. P. 41(b).[1]  "By its plain text, a Rule 41(b) dismissal . . . requires a court order with which an offending plaintiff failed to comply." *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 891 (9th Cir. 2019) (internal quotation marks, citation, and footnote omitted).

The Court must analyze five factors "before dismissing a case pursuant to Rule 41(b): 'the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" *Id.* (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).

In *Edwards v. Marin Park, Inc.*, the Ninth Circuit held that in limited circumstances when a plaintiff fails to "give the court notice of intent not to file an amended complaint," and "instead simply fail[s] to take any action," its prior Rule 41(b) precedent of dismissal applies. 356 F.3d 1058, 1065 (9th Cir. 2004) (relying on *Yourish v. Cal. Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999) and *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992)).  In these situations, "resources continue to be consumed by a case sitting idly on the court's docket." *Id.*  Thus, the *Edwards* Court reasoned, "[t]he failure of the plaintiff eventually to respond to the court's ultimatum—either by amending the complaint or by indicating to the court that it will not do so— is properly met with the sanction of a Rule 41(b) dismissal." *Id.*  This rule does not apply when "the plaintiff makes an affirmative *choice* not to amend, *and clearly communicates that choice to the court*, [as] there has been no disobedience to a court's order to amend[.]" *Id.* (first emphasis in original, second emphasis added).

In its order, the Court advised Plaintiffs that failure to comply would result in dismissal if they failed to communicate their next steps to the Court by the stated deadline.  (Doc. 25 at 16.) The Court specifically invoked Rule 41(b), cited to the *Edwards* decision, and ordered Plaintiffs to take *some* kind of action in response to its order.  Plaintiffs have failed to do so.  Rule 41(b)

---

[1] Similarly, this District's Local Rule 110 states that "[f]ailure of counsel or of a party to comply with these Rules *or with any order of the Court* may be grounds for imposition by the Court of *any and all sanctions* authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. L.R. 110 (emphases added). The Court acts pursuant to this District's Local Rule 110 as well in dismissing Plaintiffs' case.

1   sanction is therefore appropriate. *Edwards*, 356 F.3d at 1065. The Court is satisfied that
2   Plaintiffs had more than adequate notice that such inaction would result in dismissal of their case.

3         Furthermore, the Court is satisfied that "at least three factors strongly support dismissal."
4   *Yourish*, 191 F.3d at 990 (internal quotation marks and citation omitted). As to the first factor,
5   "[t]he public's interest in expeditious resolution of litigation always favors dismissal."
6   *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). The second factor is also easily met
7   here, as "[t]he trial judge is in the best position to determine whether the delay in a particular case
8   interferes with docket management and the public interest." *Id.* (citation omitted). The Eastern
9   District of California has a judicial resource emergency, and "[i]t is incumbent upon the Court to
10  manage its docket without being subject to routine noncompliance of litigants[.]" *Id.* (citation
11  omitted); *see also* Docs. 15, 18–21, 23–24 ("ongoing judicial resource emergency in this
12  District"); *Edwards*, 356 F.3d at 1065.

13        The third factor looks to prejudice faced by the Defendants. More than 21 days have
14  passed since the dismissal and Plaintiffs have failed to "come forth with an excuse for [their]
15  delay." *In re Eisen*, 31 F.3d 1447, 1453 (9th Cir. 1994) (internal quotation marks and citation
16  omitted). "The law presumes injury from unreasonable delay," however this presumption of
17  prejudice may be rebutted "if there is a showing that no actual prejudice occurred[.]" *Id.* at 1452–
18  53 (internal quotation marks and citation omitted). Plaintiffs have failed to state any reason
19  excusing their inaction. *See Pagtalunan*, 291 F.3d at 642 ("[W]e have also related the risk of
20  prejudice to the plaintiff's reason for defaulting.") (citation omitted). In other words, Plaintiffs
21  have failed to rebut this presumption. This factor weighs in favor of dismissal.

22        Also, as noted, the Court warned Plaintiffs that the failure to file an amended Complaint
23  or a notice of dismissal, or to otherwise take action would result in a Rule 41(b) dismissal of their
24  case. Thus, no less drastic alternative to dismissal is available. *Yourish*, 191 F.3d at 990.
25  Accordingly, the Court determines that Rule 41(b) dismissal is appropriate. The Court will
26  therefore dismiss this action with prejudice.

27                                         **CONCLUSION**
28        Based upon the foregoing, the Court **ORDERS**:

(1) Plaintiffs' First Amended Complaint (Doc. 5) is **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for failing to timely comply with the Court's previous Order and ultimatum (Doc. 25).

(2) The Clerk of Court is directed to **CLOSE THIS CASE**.

IT IS SO ORDERED.

Dated:   **May 29, 2024**

UNITED STATES DISTRICT JUDGE